UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03-12383 RCL

MAGISTRATE JUDGE Alexander

WILLIAM RYAN and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
    Plaintiffs

vs.

SAI SURVEYING CORPORATION,
    Defendant

and

CITIZENS BANK,
    Trustee

C.A. No.

AMOUNT $150   52041
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK  F.O.M
11/25/03

## COMPLAINT

### NATURE OF ACTION

1.   This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.   The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.   Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4.   Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5.   Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6.   Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. Defendant SAI Surveying Corporation (hereinafter "SAI" or "the Employer") is a Massachusetts corporation with a principal place of business listed at 663 East Broadway, South Boston, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). It is currently doing business at 23 Narragansett Avenue, Jamestown, Rhode Island.

9. Citizens Bank, on information and belief, is holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

10. Defendant SAI is signatory to a collective bargaining agreement with International Union of Operating Engineers Local 4E, called the Field Engineers - Technical Engineers Agreement, which is effective from November 1, 1999 through October 31, 2003 and to its successor agreement. A copy of SAI's signed agreement is attached hereto as Exhibit A.

11. The Agreement binds SAI to the Funds' Trust Agreements and obligates SAI to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

12. Pursuant to the Agreement, SAI is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

13. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-12 supra.

14. On or about February 5, 2003, SAI sent the Funds a check in the amount of $13,371.76 for work performed under the terms of its collective bargaining agreement in or about December, 2002. This check, a copy of which is attached hereto as Exhibit B, failed to clear the bank due to insufficient funds.

15. By letter dated July 9, 2003, the Funds demanded payment.

16. On or about October 27, 2003, SAI sent the Funds a replacement check for the February payment, together with checks in the amounts of $4,701.26, paying contributions due for the period March through May, 2003, $18,557.29, paying contributions for the period June through August, 2003 and $6,035.66, covering September, 2003, together with Remittance Reports for these periods.

17. Each of these checks failed to clear due to insufficient funds in SAI's bank account. See copies of the checks attached hereto as Exhibit C.

18. Based on the above, SAI owes the Funds $42,665.97 through September, 2003, and may be liable for additional obligations incurred thereafter.

19. The failure of SAI to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS, DUES AND INTEREST

22. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

23. The failure of SAI to make contributions on behalf of all covered employees, to remit the dues it deducted from its employees' paychecks and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant SAI;

b. Enter a preliminary and permanent injunction enjoining SAI from refusing or failing to make contributions and pay interest to Plaintiff Funds;

c. Enter judgment in favor of the Plaintiff Funds in the amount of $42,665.97 plus any additional amounts determined by the Court to be owed by SAI or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

    d.    Such further and other relief as this Court deem appropriate.

Respectfully submitted,

WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

*/s/ Anne R. Sills*

Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  November 24, 2003

ARS/ars&ts
3118 03-255/complt.doc

6