UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,<br>Plaintiffs<br><br>vs.<br><br>SAI SURVEYING CORPORATION,<br>Defendant<br><br>and<br><br>CITIZENS BANK,<br>Trustee | C.A. No. 03-12383 RCL |

## MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR ORDER OF POST JUDGMENT ATTACHMENT BY TRUSTEE PROCESS

This action involved the enforcement of the terms of a collective bargaining agreement and the terms of employee benefit plans under the Employee Retirement Income Security Act ("ERISA"), 29 USC §1001, et seq. On August 19, 2004, this Court entered a default judgment ("Judgment") for the plaintiffs, William Ryan and John J. Shaughnessy, as they are Trustees, et al. (the "Funds"), in the amount of $48,617.94, plus interest, against the defendant, SAI Surveying Corporation ("SAI"). The Court issued a First Execution on or about October 21,

2004. SAI has failed and refused to pay the Judgment to date, and upon information and belief, has accrued further liability to the Funds in the time since default judgment was entered against the Defendant. The Funds now move the Court to grant their request for an *Ex Parte* Order of Attachment by Trustee Process of all bank accounts of SAI held by Citizens Bank, in order to attempt to collect on their Judgment and any additional contributions that may have become due and owing in the time since default judgment was entered.

Under Rule 64, Fed. R. Civ. P., M.G.L. c. 246, and Rule 4.2, Mass. R. Civ. P., the Funds were entitled to an *ex parte pre*judgment attachment if they demonstrated that they were likely to recover judgment in an amount equal to or greater than the amount of the attachment requested, and there was a clear danger that the defendant would dissipate or transfer the assets if notified in advance of the attachment. Pursuant to these same rules and law, as well as Rule 69, Fed. R. Civ. P., the Funds are now entitled to an *ex parte post*judgment attachment if they can make the same showing. This Court and the First Circuit have granted *post*judgment motions for attachment by trustee process of bank accounts in these circumstances, because bank accounts can be attached under Massachusetts law only by trustee process and not by a writ of execution. Rule 69 limits "federal process on money judgments to the type of process available under state law." Gabowitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978); Lowell-Light Manufacturing, Inc. v. FDIC, 848 F. Supp. 278, 282 (D. Mass. 1994); Commercial Printers of Connecticut, Inc. v. Letter-Men Publishing Co., 1988 WL 45402 (D. Mass. 1988). The essential elements of the state procedure must be met to obtain the post judgment attachment by trustee process. Id. For the reasons stated below, plaintiffs have satisfied those essential elements, and should be granted an *ex parte* order of attachment by trustee process of all bank accounts of SAI currently held by Citizens Bank.

I.  **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF SUCCESS BECAUSE THEY HAVE OBTAINED A JUDGMENT.**

This Court has already found that SAI is liable to the Funds for $48,617.94 plus interest in unpaid employee benefit fund contributions, damages, interest and fees, which is the amount of the trustee process. Plaintiffs thus have already demonstrated a reasonable likelihood of success.

II.  **THERE IS A CLEAR DANGER THAT IF NOTIFIED IN ADVANCE OF THE ATTACHMENT, DEFENDANT WILL TRANSFER THE ASSETS.**

To date, SAI has failed and refused to pay the Funds the amount of the Judgment, and upon information and belief, owes additional contributions after the period covered by the Judgment. See Affidavit of Anne R. Sills ("Sills Aff."), par. 12.

Initially, in order to avoid having default judgment entered against it, SAI had made numerous promises to the Funds' counsel that it would pay the contributions owed in full. Sills Aff., par. 4. Months passed, and the Funds sought three separate extensions to file for entry of default judgment against SAI in reliance on the company's promises to pay. However, no such payment was made. Finally, after the Funds notified SAI that it was filing for entry of default judgment against the company, a check arrived for a *portion* of the contributions owed, rather than the payment in full that SAI had repeatedly promised. Sills Aff., pars. 5, 6. Nonetheless, the check failed to clear due to insufficient funds. Sills Aff., par. 7. Subsequently, SAI made additional promises to the Funds' counsel that a replacement check would be sent for the one that had failed to clear. This purported replacement check never arrived. Sills Aff., par. 8.

This overall conduct is indicative of a debtor who is deliberately avoiding its financial obligations. Thus, there is a clear danger that SAI will withdraw, conceal or dissipate its bank account assets if notified of this motion.

3

### III. PLAINTIFFS NEED NOT POST A BOND UNDER M.G.L. c. 246, §1.

No bond need be filed in an action for trustee process where the Complaint states that the action is <u>inter alia</u> for money due under a contract in writing. M.G.L. c. 246, §1. The unpaid contributions, interest, damages, attorneys' fees and costs sought in this action are all due under the terms of the collective bargaining agreement SAI signed with the International Union of Operating Engineers Local 4. Complaint, Exhibit A; Certificate Re Trustee Process. As the Complaint seeks money due under the terms of a contract in writing, no bond is required.

### IV. CONCLUSION

For the foregoing reasons, the Funds request that this Court allow their *Ex Parte* Motion for Order of Attachment by Trustee Process.

Respectfully submitted,

WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

_____
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: December 7, 2004

GAG/gag&ts
ARS 3118 03-255/memsupexp.doc