UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>SAI SURVEYING CORPORATION, Defendant<br><br>and<br><br>CITIZENS BANK, Trustee | C.A. No. 03-12383 RCL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF FUNDS' MOTION
TO COMPEL ANSWERS TO POST JUDGMENT INTERROGATORIES**

**INTRODUCTION**

     This is an action for unpaid employee benefit fund and other fund contributions brought by the Plaintiffs, William Ryan and John J. Shaughnessy, as they are Trustees, et al ("the Funds"). This Court has entered judgment against the Defendant and the Plaintiffs are currently seeking Answers to Post Judgment Interrogatories.

     The Funds now move this honorable Court for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Federal Rules"), compelling Defendant SAI Surveying

Corporation ("SAI") to answer Plaintiffs' Post Judgment Interrogatories, ordering it to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion, and informing it that appropriate sanctions will be entered against it under Rule 37(b)(2) absent full compliance with the Court's Order within fourteen (14) days.

**THE FACTS**

On March 1, 2005, the Plaintiff Funds served post judgment interrogatories upon SAI pursuant to Rules 33 and 69 of the Federal Rules. See Affidavit of Gregory A. Geiman ("Geiman Aff."), par. 2, and Exhibit A. Soon thereafter, counsel to the Funds was informed by a process server who was attempting to serve SAI with a complaint on a separate matter that SAI president Barbara Szepatowski had recently been admitted to the hospital. Geiman Aff., par. 3. The process server subsequently reported that Ms. Szepatowski had been released from the hospital and, upon information and belief, had resumed her work schedule. Geiman Aff., par. 4. Having received no timely response to the discovery requests, on April 27, 2005, counsel to the Funds Gregory Geiman called SAI, which has not been represented by counsel in this matter. Geiman Aff., par. 5. Attorney Geiman left a voice mail for Ms. Szepatowski, asking her to return his call and to inform him as to why he had not yet received answers to the post judgment interrogatories. Attorney Geiman's April 27, 2005 voice mail has not been returned to date. Id. Attorney Geiman also sent a letter to Ms. Szepatowski via certified and regular mail on April 27, 2005, advising her that he would be forced to file the instant Motion to Compel if he did not receive answers to the Funds' Post Judgment Interrogatories by May 5, 2005. Geiman Aff., par. 6. Attorney Geiman received confirmation of SAI's receipt of this April 27, 2005 letter, but has not received any response from the company. Geiman Aff., par. 7, Exhibit B. The Funds have

incurred $638.00 to date in attorneys' fees related to filing this Motion to Compel. See Geiman Aff., par. 8.

**ARGUMENT:  THE FUNDS ARE ENTITLED TO AN ORDER COMPELLING SAI TO RESPOND TO THE DISCOVERY REQUESTS, PAY THE FUNDS' EXPENSES, AND OTHER RELIEF.**

Rule 37(a) of the Federal Rules authorizes a party to move the Court to compel a non-responsive party to answer or respond to discovery requests, and to pay the reasonable expenses, including attorneys' fees, incurred in filing a motion to compel.  Rule 37(d) authorizes the Court to order sanctions, as outlined in Rule 37(b)(2)(A)-(C), when a party fails or refuses to comply with an order compelling answers to interrogatories.

In this case, there is no doubt that Defendant SAI has failed to respond at all to the Funds' discovery requests.  The Funds waited nearly four weeks beyond the March 31, 2005 date by which answers should have been received to seek out SAI and attempt to resolve this matter.  The Funds demonstrated this patience because they were informed by a process server who was attempting to effect service on a separate complaint against SAI that Ms. Szepatowski had recently been admitted to the hospital for an undetermined period of time.  However, after the process server reported that Ms. Szepatowski had been released from the hospital and resumed her work schedule, the Funds made a good faith attempt to confer with SAI and to obtain the answers without action by this Court.  This good faith attempt was made via the April 27, 2005 voice mail and the letter of the same date, which was sent by regular and certified mail.  Given SAI's failure and refusal to respond to the discovery requests in these circumstances, under Rule 37, the Funds are entitled to an Order compelling SAI to respond to the Funds' Post Judgment Interrogatories, and mandating other appropriate relief as requested below and permitted under Rule 37.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff Funds respectfully request that the Court grant their Motion and enter an Order: (1) compelling SAI to answer the Funds' Post Judgment Interrogatories within at least fourteen (14) days of the date of the Order; (2) compelling SAI to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion; and (3) informing SAI that the Court will order sanctions as authorized under Rule 37(b)(2)(D) if it fails to comply fully with the Court Order within fourteen (14) days.

> Respectfully submitted,
>
> WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,
>
> By their attorneys,
>
> /s/ Gregory A. Geiman
> Anne R. Sills, Esquire
> BBO #546576
> Gregory A. Geiman, Esquire
> BBO #655207
> Segal, Roitman & Coleman
> 11 Beacon Street
> Suite #500
> Boston, MA  02108
> (617) 742-0208

Dated:  May 13, 2005

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Memorandum in Support of Plaintiff Funds' Motion to Compel Answers to Post Judgment Interrogatories has been served by first class mail upon SAI Surveying Corp. at 23 Narragansett Avenue, Jamestown, RI  02835 this 13th day of May, 2005.

> /s/ Gregory A. Geiman
> Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 03-255/memocompel-pjinterrog.doc