UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>SAI SURVEYING CORPORATION, Defendant<br><br>and<br><br>CITIZENS BANK, Trustee | C.A. No. 03-12383 RCL |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINDING OF CIVIL CONTEMPT

I.    INTRODUCTION

This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by trustees of employee benefit plans and by a labor union to enforce the obligations to make contributions and pay interest due to such plans under the terms of a collective bargaining agreement and the plans. Defendant SAI Surveying Corporation (hereinafter "SAI") is a Massachusetts corporation with a principal place

of business listed at 663 East Broadway, South Boston, Massachusetts, and is bound to the terms of a collective bargaining agreement and the Plaintiffs' governing documents.  Upon information and belief, SAI is currently doing business at 23 Narragansett Avenue, Jamestown, Rhode Island.

Plaintiffs William Ryan and John J. Shaughnessy, as they are Trustees, International Union of Operating Engineers Local 4 Health and Welfare Fund, et al. (hereinafter "Funds") now move this honorable Court for an order of civil contempt against the Defendant, as authorized by Fed. R. Civ. P. 37(b)(2)(D), for the Defendant's failure to comply with this Court's Findings and Order to Compel Answers to Post Judgment Interrogatories ("Order") within the prescribed fourteen (14) days.  Specifically, the Funds seek:  (1) a finding of contempt against SAI for its continuing violation of the Court's July 12, 2005 Order; (2) imposition of a conditional fine of $500.00 per day that SAI refuses to produce answers to the Funds' post judgment interrogatories, as ordered by this Court; (3) imposition of a compensatory fine of $1,540.00, representing the cost to the Funds of the filing of the instant motion; (4) issuance of a capias to compel SAI's president Barbara Szepatowski to appear before this Court to answer the Funds' post judgment interrogatories under oath; (5) an order that SAI shall undergo a payroll audit within thirty (30) days from the date of the Court's order on the instant motion; and (6) an order that SAI shall make all future contributions payments to the Funds on a weekly basis and that SAI shall provide all remittance reports and a job breakdown to the Funds on a weekly basis.

This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

II.     **STATEMENT OF FACTS**

Defendant SAI is signatory to a collective bargaining agreement with International Union of Operating Engineers Local 4E, called the Field Engineers - Technical Engineers Agreement ("Agreement"), which is effective from November 1, 1999 through October 31, 2003 and to its successor agreement. A copy of SAI's signed Agreement is attached to the Complaint as Exhibit A. The Agreement binds SAI to the Funds' Trust Agreements and obligates SAI to make fringe benefit contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. SAI performed work under the terms of the Agreement, but failed to pay $36,721.99 in contributions for work performed through December, 2003. This Court entered default judgment against SAI on August 19, 2004, for a total of $48,617.94, which included prejudgment interest, liquidated damages, and attorneys' fees owed.

On March 1, 2005, the Funds served post judgment interrogatories upon SAI pursuant to Rules 33 and 69 of the Federal Rules. See Affidavit of Gregory A. Geiman ("Geiman Aff."), attached hereto as Exhibit 1. Having received no timely response to the discovery requests, on April 27, 2005, counsel to the Funds Gregory Geiman called SAI, which has not been represented by counsel in this matter. Geiman Aff., par. 3. Attorney Geiman left a voicemail for SAI president Barbara Szepatowski ("Szepatowski"), asking her to return his call and to inform him as to why he had not yet received answers to the post judgment interrogatories. Attorney Geiman's April 27, 2005 voicemail went unreturned. Id. Attorney Geiman also sent a letter to Szepatowski via certified and regular mail on April 27, 2005, advising her that he would be forced to file the Funds' Motion to Compel Answers to Post Judgment Interrogatories if he did not receive answers to the Funds' post judgment interrogatories by May 5, 2005. Geiman Aff.,

par. 4. A copy of the April 27, 2005 letter is attached hereto as Exhibit 2. Attorney Geiman received confirmation of SAI's receipt of this April 27, 2005 letter, but received no response from the company. Geiman Aff., par. 5. The Motion to Compel was filed on May 13, 2005. Geiman Aff., par. 6.

In response to the Funds' Motion to Compel, this honorable Court issued its Findings and Order to Compel Answers to Post Judgment Interrogatories ("Order") on July 12, 2005. A true and accurate copy of the Order is attached hereto as Exhibit 3. This Court ordered that:

(1) SAI shall answer the Plaintiff Funds' Post Judgment Interrogatories completely within at least fourteen (14) days of the date of this Order;

(2) SAI shall pay the expenses, including attorneys' fees of at least $638.00, incurred by the Funds in filing this Motion; and

(3) the Court will order sanctions as authorized under Rule 37(b)(2)(D) against SAI if it fails to comply fully with this Order within fourteen (14) days.

Attorney Geiman sent a copy of the Order, along with an explanatory letter and an additional copy of the relevant post judgment interrogatories, to Szepatowski via facsimile and first class mail on July 12, 2005. Geiman Aff., par. 8. A copy of the July 12, 2005 letter is attached hereto as Exhibit 4. To date, SAI has failed to comply in any respect with the Order. Id.

On July 28, 2005, Attorney Geiman left another voicemail for Szepatowski with regard to the post judgment interrogatories. This call also went unreturned. Geiman Aff., par. 9. Finally, on July 29, 2005, Attorney Geiman sent a letter to Szepatowski via certified and regular mail and by facsimile, advising her that he would file the instant Motion for Finding of Civil Contempt if he did not receive a response to the post judgment interrogatories by the following week.

Geiman Aff., par. 10.  A copy of the July 29, 2005 letter is attached hereto as Exhibit 5.  No response to this letter has been received to date.

### III.  ARGUMENT

#### A.  THE COURT SHOULD FIND SAI IN CONTEMPT OF COURT FOR VIOLATING THE COURT'S JULY 12, 2005 ORDER.

Under Fed. R. Civ. P. 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ."  With regard to such sanctions, "the district court has 'a broad discretion to make whatever disposition is just in the light of the facts of the particular case.'"  Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (citation omitted).  "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even."  Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d §2284, at 612-613.  The sanctions enumerated in Rule 37 include:

> (D)  In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination[.]

Fed. R. Civ. P. 37(b)(2)(D).  The purpose of civil contempt is to "coerce present or future compliance with an order of the court."  In Re Kave, 760 F. 2d 343, 351 (1st Cir. 1985).  In order to hold a party in contempt, the complainant must show by clear and convincing evidence that the party violated a court order that is clear and unambiguous.  Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 17 (1st Cir. 1991); Langton v. Johnson, 928 F.2d 1206, 1220 (1st Cir. 1991); NBA Properties v. Gold, 895 F.2d 30, 32 (1st Cir. 1990).

### 1.     **The Court's July 12, 2005 Order is Clear and Unambiguous.**

The Court's July 12, 2005 Order is clear and unambiguous. The Order is specific in its terms and describes in reasonable detail the acts required of SAI. See Project B.A.S.I.C., supra at 17 (quoting Reed v. Cleveland Bd. of Educ., 607 F.2d 749, 752 (6th Cir. 1979)) ("'The notice of a judicial order upon violation of which a contempt finding may properly based is such notice as would clearly tell a reasonable person what he is required to do or abstain from doing.'") The Order states:

(1)     SAI shall answer the Plaintiff Funds' Post Judgment Interrogatories completely within at least fourteen (14) days of the date of this Order;

(2)     SAI shall pay the expenses, including attorneys' fees of at least $638.00, incurred by the Funds in filing this Motion; and

(3)     the Court will order sanctions as authorized under Rule 37(b)(2)(D) against SAI if it fails to comply fully with this Order within fourteen (14) days.

A reasonable person would clearly understand the acts the Order requires of SAI – providing the Funds with answers to their post judgment interrogatories and paying the expenses incurred in the filing of their Motion to Compel. Further, the Order makes it absolutely clear that, should SAI fail to comply with the Order within fourteen (14) days, or by July 26, 2005, the Court will order sanctions as authorized by Rule 37(b)(2)(D). There was no question about the meaning of the Court's Order at the time of its issuance, and neither the Funds nor SAI has ever asked the Court to clarify or reconsider the Order.

> **2.     There is Clear and Convincing Evidence that SAI Violated the Court's July 12, 2005 Order.**

To date, SAI has failed to provide the Funds with answers to their post judgment interrogatories, despite the Order's clear mandate to do so.  Geiman Aff., par. 8.  SAI's failure and refusal to provide answers to the Funds' post judgment interrogatories constitutes a clear, direct violation of the Court's Order.

> **3.     Because SAI is in Contempt of the Court's Order, the Court should Impose a Conditional Fine and/or Issue a Capias to Place SAI President Barbara Szepatowski in Custody.**

District courts have broad power to design remedies in civil contempt proceedings. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193-194 (1949); Service Employees International Union, Local 36 et al. v. Pullman et al., C.A. No. 85-1476 (3d Cir. March 7, 1986) (a copy of which is attached hereto as Exhibit 6).  The court may impose a "compensatory fine to make whole the aggrieved party for damages caused by the contemnor's conduct . . . [A]ny amount assessed by the court must be based upon evidence of the complainant's actual losses, and his right to recover, as in any civil litigation, is dependent upon the outcome of the underlying controversy."  In re Kave, 760 F.2d at 351 (quoting United States v. United Mine Workers, 330 U.S. 258, 304, 67 S. Ct. 677, 701 (1947)).

Further, the First Circuit has recognized the availability of the sanctions of imprisonment as well as monetary fines in civil contempt proceedings, stating that a civil contempt judgment "results in imprisonment or a conditional fine to induce the purging of contemptuous conduct." Id.  Accord Service Employees International Union, Local 36, supra, slip op. at 5-6 (quoting Latrobe Steel Co. v. United Steelworkers, 545 F.2d 1336, 1344 (3d Cir. 1976) ("Trial judges . . . may impose an indeterminate period of confinement which may be brought to end only by the contemnor's ultimate adherence to the court's order . . . [;] may levy a fine of a specified

7

amount for past refusal to conform to the injunction, conditioned, however, on the defendant's continued failure to obey . . . [; and] may also specify that a disobedient party will be fined a certain amount for each day of noncompliance.")

Federal courts have recognized the availability of these remedies in ERISA actions in which defendants have failed and refused to pay contributions to health and welfare and pension plans and/or refused such plans' requests for audits of payroll records.  See, e.g., Service Employees International Union, Local 36, supra (finding district court did not abuse its discretion in requesting incarceration of defendant's principal officer pending payment of all unpaid contributions due pension and health and welfare funds as sanction in civil contempt proceedings); Building Trades United Pension Trust Fund et al. v. Eatons Asphalt Service, No. 83 C 1871 (E.D. Wisc. August 28, 1986) (imposing ten day jail term on defendant's principal officer, pending hearing to determine whether defendant purged his contemptuous conduct before hearing, for failure to pay unpaid health and welfare and pension fund contributions and permit audit of payroll records and books).

Because of SAI's contemptuous conduct, the Funds have incurred attorneys' fees in the amount of $1,540.00 related to the instant contempt proceedings.  Geiman Aff., par. 11.  As a result, the Court should impose upon SAI a compensatory fine of $1,540.00, representing the attorneys' fees incurred by the Funds.  The Funds further request that the Court, in its discretion, impose a conditional fine on SAI to induce it to answer the Funds' post judgment interrogatories. "Coercive sanctions . . . look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order . . ." LaTrobe Steel Co., 545 F.2d at 1344. The Funds suggest that the amount of the fine be $500.00 per day that SAI fails to comply with

8

the July 12, 2005 Order, beginning on the date after the date of the Court's action on the instant motion.

Further, the Funds respectfully request that this Court issue a capias, compelling Szepatowski to appear before this Court to answer the Funds' post judgment interrogatories under oath, and to produce the following: (1) a breakdown of jobs on which SAI is now performing and on which SAI has performed since January 1, 2002; (2) the company checkbook; (3) the company payroll; (4) all remittance reports in the company's possession, custody, or control; (5) all documents concerning SAI's ownership interest in real estate; (6) all documents concerning SAI's ownership interest in any automobiles, trucks, vessels, aircraft, or other vehicles; (7) all documents concerning SAI's ownership interest in any equipment; (8) all documents concerning SAI's interest in stocks, bonds, mutual funds, money market funds, or other securities or negotiable instruments; (9) all warehouse receipts, bills of lading, or other documents of title that SAI owns; (10) all financial statements, including any income tax statements, issued or furnished by SAI within the last three years; (11) all documents concerning any claim SAI has made under any policy of insurance within the last two years; and (12) all documents concerning any interest SAI owns or has in any asset or item of value individually or collectively worth in excess of $500.00.

The Funds respectfully request that the Court order that SAI shall undergo a payroll audit within thirty (30) days from the date of the Court's order on the instant motion. Further, the Funds respectfully request that, from the date of the Court's order on the instant motion, SAI be ordered to make all remittances of contributions to the Funds on a weekly basis and to provide the Funds with weekly remittance reports and weekly breakdowns of all jobs on which the company is working.

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff Funds respectfully request that the Court grant their Motion for Finding of Civil Contempt.

        Respectfully submitted,

        WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

        By their attorneys,

        /s/ Gregory A. Geiman
        Anne R. Sills, Esquire
        BBO #546576
        Gregory A. Geiman, Esquire
        BBO #655207
        Segal, Roitman & Coleman
        11 Beacon Street
        Suite #500
        Boston, MA  02108
        (617) 742-0208

Dated:  August 5, 2005

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Memorandum in Support of Plaintiff's Motion for Finding of Civil Contempt has been served by first class mail upon SAI Surveying Corp. at 23 Narragansett Avenue, Jamestown, RI  02835 this 5th day of August, 2005.

        /s/ Gregory A. Geiman
        Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 03-255/memo-contempt.doc