UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>SAI SURVEYING CORPORATION, Defendant<br><br>and<br><br>CITIZENS BANK, Trustee | C.A. No. 03-12383 RCL |

## FINDINGS AND ORDER FOR CONTEMPT

This matter, having come before me on the Plaintiffs' Motion for Civil Contempt, and upon consideration of the affidavits, motions and memoranda on file, I find that:

On July 12, 2005, pursuant to a Motion to Compel Answers to Post Judgment Interrogatories by Plaintiffs William Ryan and John J. Shaughnessy, as they are Trustees, et al ("Funds"), this Court issued Findings and Order to Compel Answers to Post Judgment Interrogatories ("Order"). The Order pertaining to Defendant SAI Surveying Corporation ("SAI") stated, in relevant part, as follows:

(1) SAI shall answer the Plaintiff Funds' Post Judgment Interrogatories completely within at least fourteen (14) days of the date of this Order;

(2) SAI shall pay the expenses, including attorneys' fees of at least $638.00, incurred by the Funds in filing this Motion; and

(3) the Court will order sanctions as authorized under Rule 37(b)(2)(D) against SAI if it fails to comply fully with this Order within fourteen (14) days.

Counsel for the Funds notified SAI of this Order via first class mail and facsimile, but SAI has failed and refused to present Answers to the Funds' Post Judgment Interrogatories or to pay the expenses incurred by the Funds in the filing of their Motion to Compel.

Plaintiff Funds have presented sufficient evidence for the Court to find SAI in contempt of the July 12, 2005 Order. By showing that SAI has failed and refused to provide the Funds with Answers to their Post Judgment Interrogatories, pursuant to the Court's Order, the Funds have shown by clear and convincing evidence that SAI has violated a clear and unambiguous court order. The Order is specific in its terms and clearly describes the acts required of SAI. In relevant part, it requires SAI to provide the Funds with Answers to their Post Judgment Interrogatories. Consequently, I find SAI in contempt of the July 12, 2005 Order.

Further, I find that although the named defendant in this matter is SAI Surveying Corporation, company president Barbara Szepatowski, as president and treasurer of SAI Surveying Corporation, is the person who is responsible for causing the corporation to fail to comply with the Court's order. Accordingly, she is individually responsible for the conduct constituting the contempt described above. She is therefore advised that she faces sanctions, including imprisonment until the contempt is purged.

WHEREFORE, it is hereby ORDERED that:

1)   Due to her company's contemptuous conduct, this Court will promptly issue a warrant for the arrest of Ms. Szepatowski, and will order her held in custody until such time as she appears before this Court.

2)   SAI shall pay a conditional fine of $500.00 per day for each day that it fails to fully comply with this Court's July 12, 2005 Order, beginning the date of the instant Order. If SAI fails to pay this fine, its president Ms. Szepatowski can be imprisoned until such contempt has been purged.

3)   SAI shall pay a compensatory fine of $1,540.00, representing the cost to the Funds of the filing of their Motion for Civil Contempt.

4)   SAI shall undergo a payroll audit, conducted by the Funds' auditor, within thirty (30) days of the date of the instant Order.

5)   From the date of this Order, the Company shall make all remittances of contributions to the Funds on a weekly basis and shall provide the Funds with weekly remittance reports and weekly breakdowns of all jobs on which the company is working.

SO ORDERED.

Dated: Nov 4, 2005

The Honorable Reginald C. Lindsay
United States District Court